| | |
|---|---|
| **MARILYN FAUCHEAUX TARTO,** **INDIVIDUALLY AND AS DULY** **APPOINTED CURATOR OF DUSTIN** **MICHAEL SCHEXNAYDER, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-2518** **13-614** |
| **ST. CHARLES PARISH, ET AL.** | **SECTION: "S" (1)** |

## ORDER AND REASONS

      **IT IS HEREBY ORDERED** that Motion to Dismiss and for Remand of Plaintiff's State Law Claims Against St. Charles Parish (Doc. #149) filed by St. Charles Parish and Vernon Joseph ("V.J.") St. Pierre, in his official capacity as President of St. Charles Parish, is **GRANTED**.

      **IT IS FURTHER ORDERED** that Civil Action No. 12-2518 is **DISMISSED WITHOUT PREJUDICE**.

      **IT IS FURTHER ORDERED** that Civil Action No. 13-614 is **REMANDED** to the Twenty-Ninth Judicial District Court, Parish of St. Charles, State of Louisiana.

## BACKGROUND

      This matter is before the court on a motion to dismiss Civil Action No. 12-2518 and remand Civil Action No. 13-614 to the Twenty-Ninth Judicial District Court, Parish of St. Charles, State of Louisiana filed by St. Charles Parish and Vernon Joseph ("V.J.") St. Pierre, in his official capacity as President of St. Charles Parish (collectively "St. Charles Parish"). St. Charles Parish argues that dismissal and remand of plaintiff's state law claims are appropriate because the plaintiff's claims against the United States have been dismissed, and as a result, this court's sole basis for original subject matter jurisdiction no longer exists.

On February 14, 2011, Dustin Michael Schexnayder, Sr. was injured in an automobile accident that occurred in the Bonne Carre Spillway in St. Charles Parish, Louisiana. On February 14, 2012, Marilyn Faucheaux Tarto, individually and as duly appointed curator of Dustin Michael Schexnayder, Sr., filed Civil Action No. 12-416 in the United States District Court for the Eastern District of Louisiana alleging state-law tort claims against St. Charles Parish; Vernon Joseph "V.J." St. Pierre, Jr., the President of St. Charles Parish; the St. Charles Parish Council; the Lousiana Department of Transportation and Development ("DOTD"); and the United States Army Corps of Engineers ("USACE"), seeking damages for personal injuries sustained by Schexnayder in the February 14, 2011, automobile accident. That same day, Tarto filed an identical suit in the Twenty-Ninth Judicial District Court, Parish of St. Charles, State of Louisiana. The USACE removed that action to the United States District Court for the Eastern District of Louisiana, it was assigned Civil Action No. 12-542, and consolidated with the original federal suit (Civil Action No. 12-416).

On April 19, 2012, this court granted the United States'[1] motion to dismiss without prejudice the claims against it in both suits due to plaintiff's failure to file an administrative claim with the USACE prior to filing suit in federal court as is required by the FTCA. Because the United States' presence as a party in both suits was the source of this court's subject matter jurisdiction, the dismissal of plaintiff's claims against it divested this court of subject matter jurisdiction. Thus, this court dismissed, without prejudice, the original federal suit, Civil Action No. 12-416, and remanded

---

[1] The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671-80, provides a limited waiver of sovereign immunity and a grant of jurisdiction to the federal district courts for tort claims made against the United States of America. The FTCA provides that a tort action must be maintained against the United States of America, and bars suits against individual federal agencies.28 U.S.C. §§ 1346(b) and 2671-80. Thus, the United States of America was the proper defendant in those tort actions, not the USACE.

the removed action, Civil Action No. 12-542, to the Twenty-Ninth Judicial District Court, Parish of St. Charles, State of Louisiana.

Thereafter, plaintiff completed the administrative process, and filed Civil Action No. 12-2518 in the United States District Court for the Eastern District of Louisiana alleging negligence claims against St. Charles Parish; Vernon Joseph "V.J." St. Pierre, Jr., the President of St. Charles Parish; the St. Charles Parish Council; the DOTD; and the USACE. Plaintiff also amended the suit pending in the Twenty-Ninth Judicial District Court, Parish of St. Charles, State of Louisiana to include the United States as a party. The United States removed that action to the United States District Court for the Eastern District of Louisiana, and it was assigned Civil Action No. 13-614.

The DOTD was dismissed from the federal lawsuits pursuant to Eleventh Amendment immunity. Thereafter, plaintiff filed an action against the DOTD regarding the February 14, 2011, accident in the Twenty-Ninth Judicial District Court, Parish of St. Charles, State of Louisiana.

Discovery was conducted simultaneously in the consolidated federal actions and the state court action. Plaintiff has settled her claims against the DOTD and the United States. Thus, the only remaining claims are her state law claims against St. Charles Parish.

## ANALYSIS

This court had original subject matter jurisdiction over plaintiff's claims against the United States under 28 U.S.C. § 1346(b)(1) (The district courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . , for injury or loss of property, or personal injury or death caused by the negligence . . . of any employee of the Government while acting within the scope of his office or employment, . . ."). Further, this court had supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over plaintiff's state law claims against St. Charles Parish.

Section 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. <u>See</u> <u>also</u> <u>Bass v. Parkwood Hosp.</u>, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendant claims."). Because this court has dismissed all of plaintiff's claims over which it had original jurisdiction, it declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claims against St. Charles Parish. Thus, St. Charles Parish's motion is GRANTED, and Civil Action No. 12-2518 is DISMISSED WITHOUT PREJUDICE, and Civil Action No. 13-614 is REMANDED to the Twenty-Ninth Judicial District Court, Parish of St. Charles, State of Louisiana.

## CONCLUSION

**IT IS HEREBY ORDERED** that Motion to Dismiss and for Remand of Plaintiff's State Law Claims Against St. Charles Parish (Doc. #149) filed by St. Charles Parish and Vernon Joseph ("V.J.") St. Pierre, in his official capacity as President of St. Charles Parish, is **GRANTED**.

**IT IS FURTHER ORDERED** that Civil Action No. 12-2518 is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Civil Action No. 13-614 is **REMANDED** to the Twenty-Ninth Judicial District Court, Parish of St. Charles, State of Louisiana.

New Orleans, Louisiana, this __16th__ day of September, 2014.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

4